**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| ELY COOPER, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 10-5245 (FSH) |
| | : | |
| v. | : | |
| | : | **OPINION** |
| KENNETH SHARP, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**APPEARANCES:**

> **ELY COOPER, Plaintiff *pro se***
> # 193
> East Jersey State Prison/Special Treatment Unit
> 8 Production Way, CN 905
> Avenel, New Jersey 07001
>
> **LUCY ELIZABETH FRITZ, ESQ.**
> OFFICE OF THE N.J. ATTORNEY GENERAL
> Department of Law & Public Safety – Division of Law
> R.J. Hughes Justice Complex
> 25 Market Street
> Trenton, New Jersey 08625
> Counsel for Defendants

**HOCHBERG, District Judge**

This matter is before the Court pursuant to a motion to dismiss Plaintiff's Amended Complaint, under Federal Rule of Civil Procedure 12(b)(6), (ECF No. 19), filed on behalf of the remaining Defendants, Steven Johnson, Merrill Main, Jennifer Velez, Shantay Adams, and Jacquelyn Ottino, officials and employees of the New Jersey

Department of Human Services ("NJDHS") and the Department of Corrections ("NJDOC"). Plaintiff has not filed any opposition or response to Defendants' motion. This motion is decided on the papers, without oral argument, pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, the Court will grant Defendants' motion and dismiss the Amended Complaint.

## I. **BACKGROUND**

A. Procedural History

Plaintiff filed his initial Complaint in this matter on October 12, 2010. (ECF No. 1.) In an Opinion and Order issued on March 23, 2011, this Court dismissed the Complaint without prejudice, as to all named defendants, pursuant to 28 U.S.C. § 1915(e)(2)(B)(II). (ECF Nos. 3, 4.) Plaintiff thereafter filed an Amended Complaint on April 4, 2011. (ECF No. 6.) On January 31, 2012, the Court re-opened the case and dismissed with prejudice the Amended Complaint in its entirety as against named Defendants, Marc Singer and David DaCosta.[1] (ECF Nos. 7, 8.) The Court also dismissed with prejudice, as against all named Defendants, Plaintiff's claims asserting unconstitutional conditions of confinement and unconstitutional strip searches. (*Id.*) However, Plaintiff's claim alleging denial of all group and therapy treatment from May 12, 2010 to April 30,

---

1 Previously named Defendants, Kenneth Sharp, Debbie Hasting and John Main were terminated from this action on April 7, 2011.

2011, in violation of his Fourteenth Amendment rights, was allowed to proceed against the remaining Defendants, Steven Johnson, Merrill Main, Jennifer Velez, Shantay Adams, and Jacquelyn Ottino.

Defendants requested and were granted several extensions to file an answer or otherwise respond to the Amended Complaint. On May 10, 2013, Defendants filed this motion to dismiss the Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 19.) Plaintiff has not filed any response or opposition to Defendants' motion.

B. Statement of Facts

Plaintiff filed his Amended Complaint against the remaining Defendants, as follows: Merrill Main, NJDHS Clinical Director at East Jersey State Prison/Special Treatment Unit ("EJSP/STU"); Shantay Adams, NJDHS Unit Director at EJSP/STU; Jacquelyn Ottino, NJDHS Program Director at EJSP/STU; Jennifer Velez, Commissioner of the NJDHS; and Steven Johnson, NJDOC Assistant Superintendent at EJSP/STU. (ECF No. 6, Amended Complaint at ¶ 4.) The Amended Complaint generally alleges that Plaintiff "was denied all group/therapy" from May 12, 2010 to April 30, 2011. (*Id*. at ¶ 7.) The Amended Complaint further alleges that Plaintiff had complained to NJDHS and NJDOC administrators about the cancelation of group sessions and the NJDOC officers dictating therapy group movements, but nothing was done. (*Id*.)

## II. <u>STANDARD OF REVIEW</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir.2008) ("[S]tating ... a claim requires a complaint with enough factual matter (taken as true) to suggest the required element.  This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.") (internal quotations omitted).

When considering a motion to dismiss under *Iqbal*, the Court must conduct a two-part analysis.  "First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (internal citations and quotations omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked

assertions devoid of further factual enhancement." *Iqbal*, 556 U.S.
at 678 (internal quotations and alterations omitted).

## III. <u>DISCUSSION</u>

A. <u>Eleventh Amendment Immunity</u>

Defendants first note that the Amended Complaint does not
indicate whether the Defendants are being sued in their individual
or official capacities or both. To the extent that Plaintiff sues
Defendants in their official capacities, Defendants contend that the
Amended Complaint must be dismissed with prejudice because it is
barred by the Eleventh Amendment.

The Eleventh Amendment bars suits by individuals against states
or their agencies unless immunity has been waived. *See Pennsylvania
Fed'n of Sportsman's Club, Inc. v. Hess*, 297 F.3d 310, 323–24 (3d
Cir. 2002). Sovereign immunity "also bars a suit against a state
official in his or her official capacity because it 'is not a suit
against the official but rather is a suit against the official's
office.'" *Garden State Elec. Inspection Servs., Inc. v. Levin*, 144
F. App'x 247, 251 (3d Cir. 2005) (quoting *Will v. Mich. Dep't of State
Police*, 491 U.S. 58, 71 (1989)).

Accordingly, any claims against Defendants in their official
capacities will be dismissed with prejudice.[2] However, to the extent

---

2 The Court notes that Plaintiff's claim against these Defendants

that Plaintiff intended to sue Defendants in their individual capacities, the Court will analyze Plaintiff's claims to the extent that they are brought against Defendants individually since the Eleventh Amendment does not bar a suit against a state official acting in his or her individual capacity, even if the actions which are the subject of the suit were part of their official duties. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991).

B. Respondeat Superior

Defendants next argue that Plaintiff's claims against them in the Amended Complaint are based solely on the impermissible theory of respondeat superior because Plaintiff does not allege facts to establish that the Defendants were personally involved in the alleged wrongdoings (namely, denial of group and therapy sessions).

"In order for liability to attach under § 1983, a plaintiff must show that a defendant was personally involved in the deprivation of his federal rights." *Fears v. Beard*, No. 12-4564, 2013 WL 3834399, *2 (3d Cir. July 25, 2013) (per curiam) (citing *Rode v. Dellaciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). "[L]iability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423

does not seek prospective relief, but rather involves alleged denial of treatment for a specific period of time that has now ended.

F.3d 347, 353 (3d Cir. 2005) (citation omitted).  *See also Walsifer
v. Borough of Belmar*, 262 F. App'x 421, 425 (3d Cir. 2008).
Allegations of personal direction or of actual knowledge and
acquiescence by a plaintiff can show personal involvement by an
individual defendant.  These allegations, however, "must be made
with appropriate particularity."  *Rode*, 845 F.2d at 1207.

In his Amended Complaint, Plaintiff fails to make specific
allegations that the Defendants had any personal involvement in
denying him group and other therapy sessions.  The Court observes
that the named Defendants are all administrators with the NJDHS or
NJDOC.  Thus, it appears that Plaintiff's allegations are conclusory
in nature and are limited to Defendants' supervisory roles.

For instance, Plaintiff merely alleges that Defendant Velez
"know[s] that civilly committed residents are placed in a prison
facility, with no proper treatment, no modules, no outside programs
or anything, that will show advancement in treatment."  (ECF No. 6,
Am. Compl. at 4.)  Plaintiff further alleges that Defendant Adams
"[k]now[s] that being moved onto prison property is non-therapeutic,
because of conditions.  And treatment can never be properly given
due to prison policy and rules."  (*Id.*)  Indeed, throughout the
Amended Complaint, Plaintiff's allegations generally contend that
civilly committed residents cannot receive proper treatment in a
prison facility due to prison policies regulations and rules.  He

7

does not make any allegations that the NJDHS Defendants have denied or curtailed treatment inconsistent with prison policies and regulations.

Rather, Plaintiff alleges only that treatment has been denied because of the prison setting and control by NJDOC officials over movements and conduct of the residents. Consequently, Plaintiff fails to make any allegations "with appropriate particularity" concerning the NJDHS Defendants sufficient to give rise to a plausible claim for relief under § 1983. *See Rode*, 845 F.2d at 1207.

Moreover, Plaintiff makes no specific allegations against NJDOC Defendant Johnson other than generally asserting that Plaintiff is a civilly committed resident subject to prison policy and regulations. This general claim that it is unconstitutional to be placed in a prison facility and be subject to prison policies intended for the orderly operation and security of a prison facility has been dismissed with prejudice. (ECF No. 3, March 23, 2011 Opinion at 12-14; ECF No. 7, January 31, 2012 Opinion at 10-11.)

Therefore, this Court concludes that Plaintiff's general allegations against the remaining Defendants are based on an impermissible theory of respondeat superior. As these are the only allegations asserted against Defendants,[3] the Amended Complaint will

_____

3 The Court need not address Defendants' last argument that Plaintiff

be dismissed without prejudice accordingly.[4]

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court will grant Defendants' motion to dismiss the Amended Complaint.  This action will be dismissed without prejudice in its entirety accordingly.  An accompanying Order is filed herewith.


s/ Faith S. Hochberg _____
FAITH S. HOCHBERG
United States District Judge


Dated:  December 13, 2013

---

has failed to exhaust administrative remedies as required under 42 U.S.C. § 1997e, *et seq*.   The Court does note, however, that Defendants' argument is misplaced because Plaintiff is not a prisoner subject to the requirements under § 1997e.

4 While Plaintiff has not filed any opposition to Defendants' motion, the Court recognizes that Plaintiff may still be able to cure the deficiencies of his Amended Complaint by pleading facts of personal involvement by the supervisory Defendants with the requisite particularity under *Rode*, *supra*.   Plaintiff should note that an amended complaint supersedes prior complaints.   *See Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2003). Accordingly, an amended complaint must name all defendants, assert facts stating a claim against each defendant, and must otherwise be complete in and of itself.